UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CODY W. PHELPS,

    Plaintiff,

    v.    CAUSE NO. 3:21-CV-327-JD-MGG

MNUCHIN, et al.,

    Defendants.

OPINION AND ORDER

Cody W. Phelps, a prisoner without a lawyer filed a lawsuit against "Mnunchin," the U.S. Department of Treasury Secretary, and "Yellie," whom Phelps lists as an employee of the Internal Revenue Service. ECF 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted). A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

In his complaint Phelps claims the prison passed out a "Legal Notice" regarding possible eligibility for economic impact payments (EIP) under the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act). ECF 1 at 2; *see also* ECF 1-1 at 1. Phelps alleges he followed the instructions on the form and sent in his 1040s via certified mail by the deadline, but he has not received any of the EIPs to date. ECF 1 at 2. He alleges he wrote to the IRS regarding the lack of payments, but he has not heard back yet. *Id.*

The Legal Notice attached to the complaint (ECF 1-1 at 1) specifically references a recent federal lawsuit involving the CARES Act. In *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. Oct. 14, 2020) (*Scholl II*), the court summarized the underlying issue that is central to Phelps's complaint:

> The CARES Act, codified in part at section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a tax credit for eligible individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children. 26 U.S.C. § 6428(a). For purposes of the Act, an eligible individual is defined as 'any individual' other than (1) any nonresident alien individual, (2) any individual who is allowed as a dependent deduction on another taxpayer's return, and (3) an estate or trust. § 6428(d). The EIP is an advance refund of the subsection (a) tax credit and subsection (f) describes the mechanism for implementing the advance refund. Paragraph (1) of subsection (f) provides that 'each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment

2

against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year.' § 6428(f)(1).

Paragraph (3) of subsection (f) requires the IRS to 'refund or credit any overpayment attributable to this section as rapidly as possible.' § 6428(f)(3). Additionally, Congress provided that '[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020.' Id. The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit then the amount of the credit is reduced by the aggregate amount of the refund. § 6428(e).

Three days after the President signed the CARES Act, the IRS issued a news release explaining that the agency would calculate and automatically issue an EIP to eligible individuals. Though not required to do so by the Act, the IRS established an online portal for individuals who are not typically required to file federal income tax returns (e.g., because an individual's income is less than $12,200), which allows those non-filers to enter their information to receive an EIP. Individuals who use the non-filer online portal ha[d] until October 15, 2020 to register in order to receive the EIP by the December 31, 2020 deadline imposed by the CARES Act.

On May 6, 2020, the IRS published responses to 'Frequently Asked Questions' ('FAQ') on the IRS.gov website. Question 15 asked 'Does someone who is incarcerated qualify for the Payment [i.e., an EIP]?' The IRS responded:

> A15. No. A Payment made to someone who is incarcerated should be returned to the IRS by following the instructions about repayments. A person is incarcerated if he or she is described in one or more of clauses (i) through (v) of Section 202(x)(1)(A) of the Social Security Act (42 U.S.C. § 402 (x)(1)(A)(i) through (v)). For a Payment made with respect to a joint return where only one spouse is incarcerated, you only need to return the portion of the Payment made on account of the incarcerated spouse. This amount will be $1,200 unless adjusted gross income exceeded $150,000.

Scholl II, 494 F. Supp. 3d at 670–71 (footnotes and internal citations to documents omitted). Based on that FAQ response, inmates filed suit and eventually sought to certify a class.

3

In *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008 (N.D. Cal. Sept. 24, 2020) (*Scholl I*), the court preliminarily certified the following class:

> All United States citizens and legal permanent residents who:
>
>> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>>
>> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;
>>
>> (c) were not claimed as a dependent on another person's tax return; and
>>
>> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

*Scholl I*, 489 F. Supp. 3d at 1047.

In *Scholl II*, the court granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that Title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated. The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

*Scholl II*, 494 F. Supp. 3d at 692.

A permanent injunction was entered enjoining the defendants from withholding benefits pursuant to 26 U.S.C. § 6428 from any class member, and the defendants were ordered to reconsider EIPs that were denied solely due to an individual's incarcerated status. *Id*. at 692–93. With respect to specific payments the court stated:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments. Indeed, the court's Rule 23(b)(2) finding was premised on the 'indivisible nature of the injunctive or declaratory remedy warranted' but not 'an individualized award of monetary damages.' Dkt. 50 at 42 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-61, 131 S.Ct. 2541, 180 L.Ed. 2d 374 (2011)). The court's determination in this order is that the IRS's action was 'arbitrary, capricious, . . . or otherwise not in accordance with law' and the appropriate remedy is to 'hold unlawful and set aside' that agency action. 5 U.S.C. § 706(2). It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act.

*Id*. at 691.

Taking his allegations as true, Phelps is a member of the *Scholl* class. His complaint—in which claims he has not received any EIPs even though he submitted the paperwork for them—was docketed on May 10, 2021, and he requests that the court order the defendants to send him the $3,200 in EIPs he is allegedly owed under the CARES Act.[1] To the extent Phelps argues his EIPs were denied due to his incarcerated status, he is already a member of the *Scholl* class, so he is not entitled to separate individual relief. *See e.g. McNeil v. Guthrie*, 945 F.2d 1163, 1165–66 (10th Cir. 1991);

---

[1] He also requests damages in connection with the lack of payment. However, he does not allege, nor is it reasonable to infer, that he was harmed physically or emotionally by the lack of EIPs. The Prison Litigation Reform Act limits the relief that is available to prisoners who cannot allege a physical injury. *See Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) (citing 42 U.S.C. § 1997e(e)).

5

*Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) ("Separate individual suits may not be maintained for equitable relief . . .. To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."); *Byrd v. O'Grady*, 1990 WL 114616, *2 (N.D. Ill. July 27, 1990) (citing *Gillespie* and noting "to the extent that [plaintiff] seeks injunctive relief already within the scope of the Decree," he must do so within the confines of the class).

Similarly, to the extent he asks the court to compel the defendants to provide his EIPs pursuant to the *Scholl* case or the CARES Act, he is not entitled to that relief either. The *Scholl* court made it clear that, although EIPs could not be denied solely on the basis of a plaintiff's incarcerated status, it took no position on specific individual payments owed and noted that the declaratory relief did not encompass "an individualized award of monetary damages." *Scholl II*, 494 F. Supp. 3d at 691. It is the responsibility of the IRS, not the court, to make determinations on whether an individual is eligible and "meets the various criteria delineated in the Act." *Id.*; *see also Harden v. Yellen*, No. 21-CV-0362-BHL, 2021 WL 1515478, at *2 (E.D. Wis. Apr. 16, 2021) (citing *Scholl II* and noting that the plaintiff could not ask the court "to order the IRS to send him the stimulus payments" because it is incumbent upon the IRS to make those individual determinations).[2]

Additionally, there is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds, and "[i]t is not this Court's

---

[2] As noted above, the CARES Act deadline for EIP refunds or credits to be made or allowed was December 31, 2020.

6

function to raise up a cause of action where a statute has not created one." *Harden*, 2021 WL 1515478 at *2 (citing *Strange v. Kiowa Tribe of Oklahoma*, No. CIV-20-1155, 2021 WL 1095983, at *5 (W.D. Okla. Jan. 27, 2021); *see also Comcast Corp. v. Nat. Ass'n of African Am.-Owned Media*, --- U.S. ----, ----, 140 S. Ct. 1009, 1015 (2020) ("[W]e have come to appreciate that, like substantive federal law itself, private rights of action to enforce federal law must be created by Congress and raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.") (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001)) (internal quotation marks and brackets omitted).

For these reasons, Phelps has not stated a viable claim. Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. *See generally Wheat v. Mnunchin*, No. 2:21-CV-5 ACL, 2021 WL 1751299 (N.D. Mo. May 4, 2021) (citing *Scholl* and dismissing—without leave to amend—the prisoner's complaint which sought court intervention to receive EIPs under the CARES Act); *Hulsey v. Mnunchin*, No. 21-cv-02280-PJH, 2021 WL 1561626 (N.D. Cal. Apr. 21, 2021) (same and noting, "The IRS is not in contempt simply for failing to send plaintiff the EIP. Plaintiff is also informed that funds cannot now be distributed pursuant to the CARES Act" because the deadline has passed.); *Coy v. Trump*, No. 21-cv-01344-PJH, 2021 WL 965321 (N.D. Cal. March 15, 2021)

(same and also noting at *3, n.1 that "[t]o the extent plaintiff seeks damages for the IRS not issuing an EIP, he has not shown that he has a private right of action under the CARES Act.").

For these reasons, the court DISMISSES this action pursuant to 28 U.S.C. § 1915A. The clerk is DIRECTED to close this case.

SO ORDERED on May 26, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT